PHILLIP A. TALBERT
United States Attorney
EMILY G. SAUVAGEAU
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:23-MJ-0077-AC |
|---|---|
| Plaintiff, | United States' Memorandum in Support of Motion for Detention |
| v. | |
| SHASTA LEA SCHNITTKER, | DATE: May 3, 2023<br>TIME: 2:00 p.m.<br>COURT: Hon. Allison Claire |
| Defendant. | |

Defendant, Shasta Lea Schnittker, is scheduled to make her initial appearance in this matter at 2:00 p.m. on Wednesday, May 3, 2023. The government submits this memorandum in support of its motion for detention. The government moves for detention under 18 U.S.C. § 3142(f)(1)(E) because the case charges a felony involving minor victims. Defendant poses a danger to the community and a risk of nonappearance at future proceedings if released, for the reasons described in the Complaint and proffered herein. The following facts were provided to government counsel by FBI Special Agent Ryan Ewing and Siskiyou County District Attorney Investigator Doug Dahmen, both of whom would testify at a hearing in this matter if required.

**A. Defendant poses a danger to the community if released.**

Defendant is charged with possession of child sexual abuse material ("CSAM"), in violation of 18 U.S.C. § 2252(a)(4)(B). This case also involves distribution of child pornography and hands-on child sexual abuse. This case arose out of a Siskiyou County investigation into Defendant's romantic partner

MEMORANDUM IN SUPPORT OF DETENTION MOTION  1

for lewd and lascivious acts with a child under 14.  State investigators reached out to the Federal Bureau of Investigation for assistance in forensic review of electronic devices seized from Defendant and her partner's shared home in February, June, September, and November 2022.

During initial forensic review of devices seized from Defendant's home in February 2022, FBI found evidence that Defendant possessed CSAM on devices that appear to have belonged to Defendant, which led to the charges in this case.  Law enforcement discovered electronic writings by Defendant, during which she described "having sex" with "that little girl," in reference to a photo series she shared with her romantic partner.  (ECF No. 1 at 5.)  She further wrote, "I'll tell u what I want to do with a little girl, wishing I could slip my fingers inside her . . . I wish I could taste a little girl again." *Id*.

In further apparent Facebook chats between Defendant and her partner, Defendant asked, "Have you ever read the pedophile handbook?" and then said, "I'll add it to dbox later for you."  Elsewhere on Defendant's Toshiba laptop was an .html file titled "The Pedophile's Handbook!" with a "last modified" date of 2015.  This "handbook" details how to practice a sexual relationship with the child, and how to groom children from infancy to early adulthood.  The handbook also provided advice about how to evade law enforcement in a chapter that began, "How to successfully escape from the law enforcement and live as a fugitive are two very complex subjects with lots of different variables, which really deserve their own handbook."

Law enforcement also seized handwritten journals from Defendant's house.  In a journal entry titled "2007/2008 – the recession," Schnittker described a time that she was struggling financially.  In her search for income, she found "opportunities" to sell files on the "dark web."  She wrote that she set up a VPN (virtual private network) and used TOR (The Onion Router) network and PayPal.  She wrote about the penalties for committing such acts at the federal level and described them as a minimum of 5 to maximum of 20 years in federal prison.

In an entry titled "Questions," Defendant wrote about topics related to child sexual abuse, and listed the following topics and questions: "statutory rape vs. consent," "grooming vs seduction," "why cant a child ever be guilty? Even they were aware it was wrong?", "how much responsibility do adults actually have?" and "why is it always considered trauma?"

///

The state's investigation into Defendant and her partner continued. During September 2022, law enforcement interviewed the four-year-old neighbor victim ("Victim 1") and Defendant and her partner's child ("Victim 2"). Victim 1 said that there were sleepovers at Defendant's home where Victim 1 was in bed. Victim 1 disclosed that Defendant's partner would get "frog slime" all over Victim 1 at these sleepovers and that Victim 2 also got "frog slime" on him. Victim 1 said that Defendant saw the "frog slime" and said, "oh my god, that's a big mess in the bed," and "that's from his pee-pee last night."

Defendant's charged conduct occurred while she was working at First Five Siskiyou, a community and family services organization serving families with children under five years old. Defendant's journals and chat history demonstrate her desire to have sex with children. She also described her technological sophistication, having previously sold images on the dark web while utilizing a virtual private network. If released, Defendant poses a danger to the community because of her self-described desire to have sexual contact with children, and her longstanding history and ability to access CSAM using technologically sophisticated and covert means.

**B. While on Siskiyou County pretrial probation, Defendant demonstrated she will not abide by pretrial release conditions.**

Siskiyou County charged Defendant in state court and arrested her in June 2022. She was initially released on conditions, including that she not access electronic devices with internet access, such as laptops. In September, law enforcement arrested Defendant on another warrant and discovered pretrial release violations: at the time of her arrest, Defendant had an open laptop computer within arm's reach. The laptop had multiple internet browser tabs open that contained images of child erotica of females between 3 and 5 years old.

In October 2022, Defendant posted bail and was released. She remained in contact with her partner (who was in custody) via recorded jail calls. On or about November 1, 2022, in a recorded jail call, Defendant said she met another guy named "Tyler" on "VP," and she was in Stockton with her new boyfriend. According to the FBI, in this context, "VP" is short for "Virtuous Pedophiles."

On November 7, 2022, law enforcement searched Defendant's home again and seized two phones and a laptop, in further violation of Defendant's conditions of pretrial probation. During the

search, one of the phones received an incoming phone call from a contact saved as "Tyler Dennis Vitale."[1]

Because of Defendant's pretrial release violations and her pattern of obtaining unauthorized electronic devices, the Siskiyou County judge revoked Defendant's bail and ordered her to be detained pre-trial on a no-bail warrant.[2]

Defendant has demonstrated that if released, she will not abide by the release conditions imposed, particularly a condition that would restrict Defendant's internet access or contact with children. Defendant's unwillingness to comply with pretrial release conditions also demonstrates her risk of nonappearance at future proceedings, particularly now that Defendant's incentive to flee is elevated by federal charges.

### C. Conclusion

For the foregoing reasons, the United States asks this Court to order Defendant detained pending trial.

Dated: May 3, 2023

PHILLIP A. TALBERT
United States Attorney

By: /s/ EMILY G. SAUVAGEAU
EMILY G. SAUVAGEAU
Assistant United States Attorney

---

[1] Law enforcement believes this is the same "Tyler" that Defendant described in an earlier jail call as her new boyfriend she met on VP.

[2] On May 2, 2023, the Siskiyou County District Attorney dismissed the PC 311 CSAM count against Defendant. Defendant was released on an own recognizance bond in the state case and was arrested on the federal arrest warrant for this case. Defendant has two remaining pending charges in Siskiyou County.